UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================X
DARVANNIE SCOTT,

                        Plaintiff,

          Docket No. 06 CIV. _____

- against -

POLICE OFFICER TORR, POLICE OFFICERS "JOHN DOE" 1 THROUGH 6 and THE CITY OF NEW ROCHELLE,

                       Defendants.
==========================================X



**06 CIV. 1755**

**JUDGE McMahon**

## COMPLAINT

Plaintiff, by her attorneys, **KLEIN & FOLCHETTI**, complaining of the defendants herein, respectfully alleges the following:

### INTRODUCTORY STATEMENT

1. This is an action for money damages to redress the deprivation by the defendants of the rights secured to the plaintiff under the Constitutions and laws of the United States of America and of the State of New York. The defendants subjected the plaintiff to excessive force, unreasonable seizure, false arrest, false imprisonment, illegal seizure of her person, warrantless seizure of her person, seizure of her person without probable cause or reasonable cause, and deprived the plaintiff of her freedom for a considerable period of time, subjected the plaintiff to false arrest, assault, battery, infliction of emotional and/or mental distress and summary punishment without trial, all without a warrant, without probable cause, without consent, and/or without any exigent or other circumstances to justify such actions.

## *JURISDICTION*

2. That the jurisdiction of this Court is properly invoked under the provisions of §§1331, 1343(3) and 1343(4) of Title 28 of the United States Code, under the provisions of §§1983 and 1988 of Title 42 of the United States Code, under the Constitution of the United States and the various amendments thereto.

## *VENUE*

3. That the defendants in this action are all residents of the State of New York, and at least one defendant resides in the Southern District of New York. Venue is therefore proper in the Southern District of New York under 28 U.S.C. 1391(b)(1).

4. That at the time and place specified herein, the facts out of which the instant action arises occurred entirely within the Southern District of New York. Venue is therefore proper in the Southern District of New York under 28 U.S.C. 1391(b)(2).

## *JURY DEMAND*

5. The plaintiff demands that this case be tried to a jury.

## *PARTIES*

6. That at all times herein mentioned, plaintiff **DARVANNIE SCOTT** was and still is a citizen of the United States of America, residing in the City of New Rochelle, Westchester County, New York, all within the Southern District of New York.

7. That at all times herein mentioned, defendant **THE CITY OF NEW ROCHELLE** was and still is a municipal corporation, subdivision, district and/or agency, organized and existing by virtue of the laws of the State of New York, and was and still is the employer of the police officers named as defendants herein.

8. That at all times herein mentioned, defendant **THE CITY OF NEW ROCHELLE POLICE DEPARTMENT** was and still is a duly constituted department or agency of defendant **THE CITY OF NEW ROCHELLE**, charged with the responsibilities of law enforcement and maintaining public order and security, and was and still the department or agency of defendant **THE CITY OF NEW ROCHELLE** in which the police personnel named as defendants herein were and still are employed.

9. That defendants **POLICE OFFICER TORR** and **POLICE OFFICERS "JOHN DOE" 1 THROUGH 6** (hereafter referred to as **"THE POLICE OFFICER DEFENDANTS"**) are named herein fictitiously as their true names are unknown to the plaintiff. Such fictitious names are intended to designate the specific City of New Rochelle Police Officers involved in the complained of events.

10. That upon information and belief, and at all times herein mentioned, **THE POLICE OFFICER DEFENDANTS** were and still are police officers employed by defendant **THE CITY OF NEW ROCHELLE**, to perform police duties within the City of New Rochelle. At all relevant times, each was acting in such capacity as an agent, servant, and employee of defendant **THE CITY OF NEW ROCHELLE**, and within the scope of their respective office and employment. Said defendants are sued individually and in their official capacities.

11. That upon information and belief, and at all times herein mentioned, **THE POLICE OFFICER DEFENDANTS** were and still are citizens of the United States of America, residing in the County of Westchester, State of New York, all within the Southern District of New York.

## FACTUAL ALLEGATIONS

12. That on or about March 4, 2003, at or about 2:30 in the forenoon, plaintiff **DARVANNIE SCOTT** was lawfully present in the parking lot of the premises located at the intersection of Division Street/Division Street South and Leroy Place, in the City of New Rochelle, New York.

13. That upon information and belief, on or about March 4, 2003, commencing at or about 2:30 in the forenoon, and as a result of their concerted and planned efforts, **THE POLICE OFFICER DEFENDANTS** were all present in the immediate vicinity of the intersection of Fifth Street and Eighth Avenue, in the City of New Rochelle, New York.

14. That on or about March 4, 2003, at all times herein mentioned, while at the aforesaid location, plaintiff **DARVANNIE SCOTT** was conducting herself in a peaceful and lawful manner.

15. That on or about March 4, 2003, at the aforesaid time and place, **THE POLICE OFFICER DEFENDANTS** approached the plaintiff.

16. That on or about March 4, 2003, at the aforesaid time and place, the plaintiff was accosted by **THE POLICE OFFICER DEFENDANTS**, and through the use of physical force, was arrested, subjected to excessive force, battery and assault, and was restrained, imprisoned, and deprived of her right to freely move about, and was caused to be subjected to involuntary servitude by one or more of **THE POLICE OFFICER DEFENDANTS**.

17. That prior to the aforesaid arrest, restraint, imprisonment and confinement the plaintiff had not given authorization or permission, express or implied, for the aforesaid

conduct committed by **THE POLICE OFFICER DEFENDANTS**.

18. That prior to the aforesaid arrest, restraint, imprisonment and confinement, **THE POLICE OFFICER DEFENDANTS** had not obtained a warrant to detain, arrest or confine the plaintiff, nor did said defendants have probable cause to detain, arrest or confine the plaintiff, nor were said defendants in hot pursuit of the plaintiff or of others, nor were there any other exigent circumstances existing that would have justified the detention, arrest or confinement of the plaintiff without a warrant.

19. That at no time during or after the foregoing events was the plaintiff advised of the alleged reasons for the aforesaid actions and conduct of **THE POLICE OFFICER DEFENDANTS**.

20. As a result of the aforesaid misconduct, plaintiff **DARVANNIE SCOTT** has suffered physical injuries to her person, has suffered pain, suffering, emotional distress and humiliation, and has otherwise been damaged.

### AS AND FOR A FIRST CAUSE OF ACTION: CIVIL RIGHTS VIOLATION BROUGHT UNDER 28 U.S.C. §1983 AGAINST THE POLICE OFFICER DEFENDANTS

21. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth at length herein.

22. That upon information and belief, and at all times herein mentioned, **THE POLICE OFFICER DEFENDANTS** were acting under color of state law, that is under color of the constitution, statutes, laws, rules regulations, customs and usages of the State of New York and pursuant to their authority as law enforcement officers.

23. That at all times herein mentioned, each of **THE POLICE OFFICER DEFENDANTS**, separately and in concert with each other, engaged in acts and omissions which constituted deprivation of the rights, privileges and immunities of the plaintiff. While these acts and omissions were carried out under color of state law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

24. That at all times herein mentioned, each of **THE POLICE OFFICER DEFENDANTS** had the power and duty to restrain the others and prevent them from violating the law and depriving the plaintiff of her rights. However, each of the said defendants failed and refused to perform that duty and failed and refused to restrain the others, each thereby becoming a party to the injuries inflicted upon the plaintiff.

25. The aforesaid conduct to which **THE POLICE OFFICER DEFENDANTS** subjected the plaintiff constituted excessive force, unreasonable and warrantless arrest, false arrest, false imprisonment, illegal seizure of her person, warrantless seizure of her person, seizure of her person without probable cause or reasonable cause, deprivation of her freedom for a considerable period of time, and was subjected to false arrest, assault, battery, infliction of emotional and/or mental distress and summary punishment without trial, and was subjected to involuntary servitude. No reasonable basis existed for the actions taken against the plaintiff.

26. The aforesaid conduct to which **THE POLICE OFFICER DEFENDANTS** subjected the plaintiff was unreasonable, intrusive and/or intended to harass and harm the

plaintiff. No reasonable basis existed for the actions taken against the plaintiff.

27. Solely as a result of all of the foregoing, plaintiff **DARVANNIE SCOTT** was subjected to excessive physical force, was deprived of her freedom for a considerable period of time, was falsely seized, falsely imprisoned, confined, restrained, arrested, assaulted, battered, was subjected to deprivation of her right to due process under law, was subjected to involuntary servitude, and was caused to suffer physical damage and emotional trauma and injury, great fear and terror, personal humiliation and degradation, and has continued to suffer as a result of the aforesaid unlawful conduct of the aforesaid defendants, and has been caused to fear repetition of said unlawful conduct by the aforesaid defendants or by other law enforcement officers. In the manner aforesaid, each of the aforesaid defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under color of law, and deprived the plaintiff of rights secured to him by the Constitution and laws of the United States, including but not limited to: her fifth and fourteenth amendment rights to due process of law, her fourth amendment right to be free from unjustified and excessive force utilized by police officers, her fourth amendment right to be free from unlawful arrest and seizure of her person, the fourth, fifth and fourteenth amendment right to be apprized of the nature of the charges against him, her thirteenth amendment right to be free from involuntary servitude, and other rights secured to the plaintiff by the provisions of the Constitution of the United States of America, and by Title 42 United States Code §§1983 and 1988, and by the constitution, statutes and laws of the State of New York which are invoked under the pendent jurisdiction of this Court.

28. That plaintiff **DARVANNIE SCOTT** in no way instigated, caused or

contributed to the complained of conduct.

29. That solely by reason of all of the foregoing, plaintiff **DARVANNIE SCOTT** has suffered damage and injury.

30. That by reason of the aforesaid conduct and actions against him, plaintiff **DARVANNIE SCOTT** demands judgment against the defendants herein in the sum of **ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS** together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action, and together with attorneys' fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff demands judgment against the defendants, and each of them, jointly and severally, in the sum of **ONE MILLION FIVE HUNDRED FIVE THOUSAND ($1,500,000.00) DOLLARS**, together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action, and together with attorneys' fees pursuant to 42 U.S.C. §1988, together with the costs and disbursements of this action, and such other and further relief which to this Court may seem just and proper.

Dated:   White Plains, New York
         March 3, 2006

**KLEIN & FOLCHETTI**
Attorneys for Plaintiff

By: _____
ROBERT W. FOLCHETTI (RF0527)
A Member of the Firm
15 Fisher Lane
White Plains, New York 10603
Tel. (914) 683-8792
